**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Saloman ARREOLA–AMAYA,**
**Defendant–Appellant.**

No. 04–20690.

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Nov. 9, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern Dis-

---

trict of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Molly E. Odom, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM: *

Jose Saloman Arreola–Amaya (Arreola) appeals the sentence imposed following his guilty-plea conviction of illegal reentry of a previously deported alien subsequent to an aggravated felony conviction. Arreola argues, citing *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), that the district court erred in sentencing him because the court believed that the federal sentencing guidelines were mandatory, rather than advisory. He also contends that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional and that *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), should be overruled.

We review for plain error. *See United States v. Mares*, 402 F.3d 511, 520–21 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 43, —— L.Ed.2d —— (2005). With respect to the district court's mandatory application of the sentencing guidelines, Arreola concedes that he cannot demonstrate that the district court would have imposed a different sentence had it considered the guidelines to be advisory. Accordingly, he has not established plain error in his sentence. *See Mares*, 402 F.3d at 522.

Although the decision in *Almendarez–Torres* has been called into question, *see Shepard v. United States*, —— U.S. ——, ——, 125 S.Ct. 1254, 1264, 161 L.Ed.2d 205 (2005) (Thomas, J., concurring), the Supreme Court has not overruled it. Accordingly, Arreola's argument that *Almendarez–Torres* should be overruled and that 8 U.S.C. § 1326(b) be declared unconstitutional is foreclosed. *See United States v. Rivera*, 265 F.3d 310, 312 (5th Cir.2001).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.